UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| COMMERCIAL BANK, INC. and<br>DENNIS MICHAEL ROBERTSON, ESQ., | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No.: 3:10-CV-34<br>(VARLAN/SHIRLEY) |
| HOLLIS FAY SUMMERS and<br>ZELPHER LUCREITA SUMMERS, and<br>FAMILY REVOCABLE TRUST, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Remand [Doc. 4], filed by plaintiffs Commercial Bank, Inc. ("Commercial Bank") and Dennis Michael Robertson, Esq. ("Mr. Robertson") (collectively, "plaintiffs'"). In the motion to remand, brought pursuant to 28 U.S.C. § 1447(c), plaintiffs move the Court to remand this case to the Union County Chancery Court, following the notice of removal [Doc.1 ], filed by defendants Hollis Summers and Zelpher Summers (the "Summers"). Defendants have not responded to the motion to remand and the time for doing so has passed. *See* E.D. TN L.R. 7.1(a), 7.2.

## I.     **Procedural History**

On or about April 28, 2009, plaintiffs filed a complaint against defendants Hollis Summers, Zelphers Summers, (the "Summers") and the THAOSF Family Revocable Trust (the "Trust") in the Chancery Court for Union County, Tennessee ("the Action") [Doc. 4-1].

In the Action, Commercial Bank seeks a judgment to clear title of real property.[1] The Summers filed a notice of removal to this Court on January 22, 2010 [Doc. 1].[2]

## II. Motion to Remand

Pursuant to 28 U.S.C. § 1447©, plaintiffs seek a remand of this case to the Union County Chancery Court on the following grounds: (1) the notice of removal does not comply with 28 U.S.C. § 1446 because it does not contain a short and plain statement of the grounds for removal, does not contain a copy of the complaint in the underlying Action, and all defendants have not joined in or consented to the notice of removal; (2) the notice of removal was not filed in a timely manner in accordance with § 1446; and (3) this Court lacks subject matter jurisdiction because there is no federal question jurisdiction as the Action was brought solely under Tennessee state law and no diversity of citizenship between the parties. Plaintiffs also request an award of just costs and expenses, including reasonable attorneys fees, pursuant to 28 U.S.C. § 1447©.[3]

---

[1] This property is the subject of another related suit by Commercial Bank against the Summers. Notices of removal to this Court were filed by the Summers in that case, docket number 3:09-CV-372 [*see* Docs. 1, 2]. Commercial Bank filed a motion to remand [Doc. 4], which was granted by this Court on October 26, 2009 [Doc. 7].

[2] The notice of removal was signed by both Hollis Summers and Zelpher Summers [Doc. 1]. There is no indication in the notice of removal that the Trust signed or consented to the notice of removal [*see id.*]. The Summers are proceeding *pro se* this matter.

[3] Plaintiffs also state that the Summers filed a similar notice of removal in the related case, 3:09-CV-372. Plaintiffs assert that the notice of removal in this case is equally baseless and "demonstrates a serious disregard for the operation and efficient function of the Court and is an abuse of the Court's time and resources[,]" and thus, attorneys' fees and costs should be granted.

2

## A.     28 U.S.C. § 1446 - Requirements for a Notice of Removal

Statutes conferring removal jurisdiction are to be strictly construed because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Because of this strict construction, all doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removing party bears the burden of proving that removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 1446(a), a defendant or defendants who wish to file a notice of removal must do so "pursuant to Rule 11 of the Federal Rules of Civil Procedure"[4] and such notice must contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). In addition, the rule of unanimity demands that all defendants join in the petition to remove. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003), *quoting Brierly*, 184 F.3d at 533 n.3 ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined must either join in the removal or file a written

---

[4] Federal Rule of Civil Procedure Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

consent to the removal."). Failure to obtain unanimous consent forecloses the opportunity for removal under § 1446. *Loftis*, 342 F.3d at 516.

The Summers' notice of removal does not contain a short and plain statement of the grounds for removal. Rather, the Summers have submitted a lengthy ten page brief asserting numerous statutory and constitutional violations, but providing no clear grounds on which the Court can determine what basis the Summers allege permits removal. While the Summers have asserted that there are issues of federal law implicated in this case, the Court cannot discern, from the face of the complaint in the underlying Action, and from the notice of removal, exactly what those issues of federal law might be.[5] Moreover, there is no indication that a representative of the Trust has joined in or consented to the notice of removal, as the Trust did not sign the notice of removal as required by 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11. Thus, the Court finds that the notice of removal contains and filing defects and the rule of unanimity has not been satisfied.

**B.** **Timely Filed**

A notice of removal must:

> [B]e filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[5] The Summers' notice of removal [Doc. 1] does not contain any copies of the pleadings served on the Summers or the Trust in the underlying Action. However, plaintiffs have submitted copies of the pleadings in the underlying Action [*see* Doc. 4-1; Doc. 4-2].

28 U.S.C. § 1446(b). The complaint in the underlying Action was filed in the Chancery Court for Union County on April 28, 2009 and copies of the civil summons and complaint were served to all defendants on that same date [Doc. 4-1; Doc. 4-2]. Thus, as required by § 1446(b), defendants had thirty days after receipt of the summons and complaint on which to file a notice of removal. The notice of removal was not filed until January 22, 2010, approximately eight months after service of the summons and complaint—a time clearly outside the thirty day limit. Therefore, the notice of removal was not timely filed as required under § 1446(b).

### C. Subject Matter Jurisdiction

An action may be removed from state to federal court only if it could have been brought there in the first place, that is, if the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original subject matter jurisdiction over two types of actions. The first type involves those actions raising a federal question. *See* 28 U.S.C. § 1331. The second type involves those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. *See* 28 U.S.C. § 1332. The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *See, e.g., Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). If the court determines that the removing party has met this burden, the court should not remand the case back to state court. In this case, the Summers assert that removal is

proper under federal question jurisdiction and diversity jurisdiction. The Court addresses each assertion in turn.

First, the Summers assert that removal to this Court is proper based on federal question jurisdiction. Whether a claim arises under federal question jurisdiction is determined under the "well-pleaded complaint" rule, which generally looks only to the plaintiff's complaint. *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005). Federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Under the well-pleaded complaint rule, courts determine whether a claim or right arises under federal law by examining the "well-pleaded" allegations of the complaint and ignoring potential defenses. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). In other words, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (citation omitted). "If the complaint relies only on state law, the district court generally lacks subject matter jurisdiction and the action is not removable." *Palkow*, 431 F.3d at 552.

There are exceptions to the well-pleaded complaint rule. *Beneficial Nat'l Bank*, 539 U.S. at 6. One exception is the artful-pleading doctrine in which plaintiffs may not "avoid

removal jurisdiction by artfully casting their essentially federal claims as state-law claims." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981) (quotation marks, citations, and edits omitted). A second exception is the complete-preemption exception which makes removal proper "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank*, 539 U.S. at 8. A third exception is the substantial federal question doctrine, which applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9.

The initial pleading in this action, the complaint filed by Commercial Bank, arises solely under Tennessee state property law, as plaintiffs are seeking, in the complaint, to clear Commercial Bank's title to real property. The Summers' notice of removal seeks removal under numerous different theories, including alleged violations of constitutional rights and statutory violations. However, under the well-pleaded complaint rule, the complaint in the underlying Action does not state a federal cause of action and does not depend upon the resolution of a substantial federal question, despite the various defenses asserted in the Summers' notice of removal. In addition, the Court cannot find that any exception to the well-pleaded complaint rule applies. Thus, because plaintiffs have not alleged a federal cause of action, and because the theories raised by the Summers in the notice of removal does not confer federal question jurisdiction, there is no federal question jurisdiction in this case and removal to this Court on that basis would be improper.

The Summers have also asserted that removal to this Court is proper based on diversity jurisdiction. In order for a party to remove a case to federal court based on diversity jurisdiction, there must be complete diversity. *Jermoe-Duncan, Inc. v. Auto-BY-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Complete diversity exists when no plaintiff and no defendant are citizens of the same state. *Jermone-Duncan, Inc.*, 176 F.3d at 907. In this case, Commercial Bank is a Tennessee corporation, Mr. Robertson resides in Tennessee [*see* Doc. 4-4], and both the Summers are residents of Tennessee [*see* Doc. 1, p. 6]. Accordingly, the plaintiffs in this case—Commercial Bank and Mr. Robertson—are citizens of Tennessee, as are the Summers—defendants in this case. Thus, no complete diversity of citizenship between the parties and removal to this Court on the basis of diversity jurisdiction would also be improper.

### III. Request for Attorneys' Fees

Plaintiffs also seek attorneys' fees connected with the motion to remand pursuant to 28 U.S.C. 1447©. Section 1447© provides that "an order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." In the Sixth Circuit, such an award is discretionary. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993).

The Court declines to exercise its discretion to award costs and fees under the circumstances of the removal in this case. However, the Court recognizes that this is the second time this Court has remanded a case based on a notice of removal filed by the Summers in a similar and related case. Should the Summers file a third, similar motion or

notice of removal, and should such motion or notice of removal be determined to be baseless, the Court shall exercise its discretion and order an award of attorneys' fees and costs incurred as a result of the motion or notice.

## IV. Conclusion

For the reasons stated herein**,** the Court finds that the Summers' notice of removal [Doc. 1], filed on January 22, 2010 is procedurally and substantively defective. Specifically, the notice of removal contains pleading and filing defects, the rule of unanimity has not been satisfied, the notice of removal was not timely filed, and the Court can discern no basis by which this Court could exercise subject matter jurisdiction over this case. Accordingly, the plaintiffs' motion to remand [Doc. 4] is hereby **GRANTED**. Pursuant to 28 U.S.C. § 1447©, this case will be **DISMISSED** and **REMANDED** to the Union County Chancery Court. The Clerk of Court is hereby **DIRECTED** to close this case.

AN APPROPRIATE ORDER WILL BE ENTERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE